THOMAS ROBINSON *v.* ISAAC H. HOUSTON, administrator *de bonis non* of MIERS BURTON deceased.

A judgment against two persons, one of whom has died since, may be pleaded as a set off against the survivor in a subsequent action by him in his own right against the plaintiff in the judgment.

An award, or report on a submission to arbitration, or rule of reference out of Court, "of all matters in controversy between the parties," is not conclusive as to all such matter, but the same may be enquired into, and evidence is admissible to prove that a matter within the terms and scope of the submission, or reference, was not included in it and was not considered by the referees, or arbitrators.

*Scire Facias* on a judgment in the Superior Court, recovered at the April Term 1841, for $124,21 and costs, by Thomas Robinson the plaintiff, against George Tunnell, Elizabeth Burton, and Woolsey Burton, late administrators of Miers Burton, deceased, in an amicable action and on a rule of reference out of Court between them.

The counsel for the defendant under the plea of set off, offered in evidence a judgment recovered in the same Court at the April Term 1840, at the suit of the administrators of Miers Burton dec'd., against Joshua Ingraham and Thomas Robinson, the plaintiff for $200,00 and costs, after proving that Ingraham was dead previous to the year 1841, and that Robinson was then the sole surviving defendant in the judgment.

*Robinson*, for the plaintiff, objected to its admissibility. The judgment in favor of Robinson against Burton's administrators on which this *sci. fa.* issued, was recovered in an amicable action and on a rule of reference out of this Court of all matters in controversy between them; and in which, of course, all matters of indebtedness or dispute then in existence between the parties, were embraced, adjudicated and settled by the arbitrators, and this judgment now offered in evidence on behalf of the defendant under the plea of set off, being then and

for a year before that time, a judgment on the records of this Court, it was included in the amicable action and the reference, and was settled and extinguished by the report of the referees in favor of Robinson for $124, 21, and the judgment of the Court afterward entered upon it in his favor for that sum; for a judgment is embraced in a reference and is settled by the award, whenever the reference, or the submission to arbitration, is of all matters in controversy between the parties to it. *Wats. on Arbitra. and Awards.* 34. (11 *Law Libr.* 17). *Smith v. Johnson*, 15 *East* 211. 2 *Tidd.* 821. *Roberts v. Mariatt* 3 *Saund.* 39. *Billings on Awards* 123. (41 *Law. Libr.* 79). 41 *Eng. C. L. R.* 930.

*C. S. Layton*, in reply, produced sundry writs of execution issued since 1850, on this judgment against Robinson at the suit of Burton's administrators, to which return was made " goods of Thomas Robinson levied on and remained unsold for want of bidders". He likewise showed from the record of the judgment that at the April Term 1857, Robinson, the defendant in it, obtained a rule of Court on an affidavit filed by him to set aside these executions, solely on the ground as therein alleged by him, that they were irregularly issued without a *sci. fa.* to revive the judgment; and from which he argued that as during all this time, he had never come forward in Court to ask, or demand any other, or further relief in regard to them, and had never before alleged, or pretended that the judgment had been paid, settled, or extinguished in any manner whatsoever, it would repel and rebut the inference, or legal presumption, or implication merely from the reference of all matters in controversy that it was embraced and settled in the amicable action between the parties, as it proved conclusively in point of fact that Robinson well knew all the while that this judgment against him never had been settled, or satisfied.

*By the Court*: The judgment offered in evidence under the plea of set off, is against Joshua Ingraham and Thomas Robinson, and in the life time of the former, it could not have been so pleaded to this action of *sci. fa.* by Robinson alone; but for another reason, because the two judgments would not then have been mutual, or between the same parties. Ingraham, however, is dead, and Robinson is the sole survivor in it. He is therefore primarily and singly liable for the whole amount of the judgment, and the only party against whom process can issue upon it to enforce the collection of it. It has been held and decided that the surviving member of a partnership may plead as a set off a debt due to him as such, in a suit against him individually, and also that a debt due from him as the surviving member of a firm, may be pleaded as a set off, to a suit by him in his own right; and so far as this question is concerned, we think this judgment originally recovered against Ingraham and the plaintiff, may now be set off by the defendants in this suit to the judgment of the plaintiff against the administrators of Burton on which it is founded.

But as to the question whether the judgment now offered in evidence under the plea of set off by the defendant was covered by the terms of the rule of reference and included and embraced in the report of the referees in the amicable action referred to, we apprehend on looking into the books, there will be found to be some discrepancy between the older and more recent decisions in England on the subject. In the earlier decisions it was held that on a submission to arbitration of all matters at variance, or in controversy between the parties, it was competent to show in a subsequent action between them, that a certain matter then in dispute between them, was not included in the submission, nor brought before the arbitrators nor embraced in the award; whilst the later decisions appear to recognize the principle that an award regularly made under the submission, is conclusive of all matters embraced within the terms and

scope of the submission, even though the special matter referred to, was not in fact brought to the notice, or attention of the arbitrators. Our impression, however, is that the practice in this State, has been in accordance with the former decisions, and that it has been usual to allow such matters to be enquired into, notwithstanding by the general terms of the submission, they would be included in them and would *prima facie* be covered by the award, or report upon it. It will be observed that we are now speaking as to the effect of this evidence when admitted for the purpose for which it has been offered; and not as to its competency, or admissibility. For as a judgment of record between the same parties substantially who are now parties to this action, as we have before shown it to be since the death of Ingraham, the other defendant in it, it is clearly admissible as such, in evidence in this suit; the record of a former suit between the same parties always being admissible in evidence, even though it may prove nothing pertinent to the subject matter of the subsequent action.

The counsel for the defendants then stated to the Court that he should claim the privilege under the recent act of assembly, of calling to the stand and examinening as a witness, the plaintiff himself to prove that the judgment in question was not understood to be embraced in the reference and was not submitted to the referees in the amicable action referred to; which the Court said he had a right to do; and swearing the plaintiff, he proved that it was submitted to the referees, and was considered by them in the amicable action.

The plaintiff had a verdict.